1

2

3

4

5
UNITED STATES DISTRICT COURT

6
EASTERN DISTRICT OF WASHINGTON

7
CHELAN COUNTY,
WASHINGTON,

8
                       Plaintiff,

9
    v.

10

11
BANK OF AMERICA CORP., and
BANK OF AMERICA, N.A.,

12
                    Defendants.

NO:  2:14-CV-0044-TOR

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

13

14
    BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 9).

15
This matter was submitted for consideration without oral argument.  The Court has

16
reviewed the briefing and the record and files herein, and is fully informed.

17
BACKGROUND

18
    This is an action to recover funds paid by Defendant Bank of America from

19
a bank account belonging to Plaintiff Chelan County pursuant to a transfer request

20
initiated by computer hackers.  Plaintiff has asserted causes of action for violations

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

of Article 4A of the Washington Uniform Commercial Code, breach of contract, and breach of fiduciary duty.  In the instant motion, Defendants move to dismiss the latter two claims for failure to state a claim.  For the reasons discussed below, the Court will dismiss the breach of contract claim, with leave to amend, for failure to plead sufficient factual content, and the breach of fiduciary duty claim, with prejudice, for lack of a cognizable legal theory.

FACTS

The following facts are drawn from Plaintiff's Amended Complaint and are accepted as true for purposes of this motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  At the times relevant to these proceedings, Plaintiff Chelan County ("Plaintiff") maintained several payroll accounts with Defendant Bank of America, N.A. ("Defendant").  Plaintiff used proprietary computer software provided by Defendant to submit all of its payroll requests.

On April 18, 2013, computer hackers initiated two unauthorized payroll requests drawn on one of Plaintiff's accounts totaling approximately $399,494.00. The following day, computer hackers initiated an additional unauthorized payroll request drawn on the same account totaling approximately $603,575.00.

Plaintiff became aware of suspicious activity in the account on Monday, April 22, 2013.  Plaintiff promptly contacted Defendant and alerted it to this suspicious activity.  Shortly thereafter, one of Defendant's employees contacted

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

Plaintiff and inquired whether the pending payroll request in the amount of $603,575.00 was authorized. Plaintiff immediately responded that the payment was not authorized. Notwithstanding this denial of authorization, Defendant processed the request and transferred the funds as directed by the hackers. Defendant also processed and paid the two payroll requests submitted by the hackers on April 18. Defendant was subsequently able to recover a portion of the funds. Plaintiff alleges that its total loss following the partial recovery is not less than $600,000.

Plaintiff filed the instant lawsuit on January 31, 2014. Plaintiff's Amended Complaint asserts three causes of action: (1) for violations of Article 4A of Washington's Uniform Commercial Code pertaining to "funds transfers"; (2) for breach of contract; and (3) for breach of fiduciary duty. In the instant motion, Defendant moves to dismiss Plaintiff's second and third claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant has not challenged Plaintiff's first cause of action.

## DISCUSSION

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

Federal Rule of Civil Procedure 9(b) governs the pleading of allegations involving fraud or mistake. In contrast to the more lenient standard set forth in

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

Rule 8(a)(2), Rule (9)(b) requires that a party "state with particularity the circumstances constituting fraud or mistake" in his or her complaint.  To satisfy this standard, the allegations of fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess v. CibaGeigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation and citation omitted).  Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  *Id.* (quotation and citation omitted).  A party may, however, plead allegations of "[m]alice, intent, knowledge, and other conditions of a person's mind" more generally. Fed. R. Civ. P. 9(b).

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit.  *Id.*  The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences.  *Id.*

The Ninth Circuit has repeatedly instructed district courts to "grant leave to amend even if no request to amend the pleading was made, unless ... the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5

F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is generous—the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend is appropriate, a court must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

**A. Breach of Contract Claim**

Defendant has moved to dismiss Plaintiff's breach of contract claim for failure to plead sufficient factual content to satisfy Rule 8(a)(2). To state a claim for breach of contract under Washington law, a plaintiff must plausibly allege (1) the existence of a valid contract; (2) breach of a duty imposed by that contract; and (3) damages resulting from the breach. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712 (1995).

There is only one sentence in the Amended Complaint that pertains to Plaintiff's breach of contract claim: "Bank of America's unauthorized transfer of funds constitutes a breach of Bank of America's contractual relationship with Chelan County." ECF No. 4 at ¶ 23. Without further factual enhancement, this naked assertion of liability cannot satisfy Rule 8(a)(2). *Iqbal*, 556 U.S. at 678. To state a plausible claim for relief, Plaintiff must allege, at a minimum, the terms of

the contract at issue (whether express or implied), the precise duty that was breached, and the damages which resulted from the breach. *Nw. Indep. Forest Mfrs.*, 78 Wash. App. at 712. Because this deficiency could potentially be cured by alleging additional factual content, the Court will dismiss Plaintiff's breach of contract claim with leave to amend within **fourteen (14) days** of the date of this order. *Lopez*, 203 F.3d at 1130.

**B. Breach of Fiduciary Duty Claim**

Defendant has moved to dismiss Plaintiff's breach of fiduciary duty claim on two separate grounds. First, Defendant argues that the claim fails as a matter of law because it is "displaced by the UCC." ECF No. 9 at 9-10. Second, and in the alternative, Defendant argues that the Amended Complaint fails to plausibly allege that it owed Plaintiff a fiduciary duty. ECF No. 9 at 10-12.

1. Displacement by Washington Uniform Commercial Code

Defendant contends that Plaintiff's common law breach of fiduciary duty claim is displaced by Washington's version of the Uniform Commercial Code ("UCC") because the unauthorized transfers referenced in the Amended Complaint are "funds transfers" within the scope of UCC Article 4A. *See* RCW 62A.4A-104(a) (defining "funds transfer"). Because the UCC "displaces" all common law principles within the scope of its coverage, Defendant asserts, Plaintiff's exclusive remedy is under UCC Article 4A. ECF No. 14 at 5-8.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

Pursuant to UCC § 1-103, principles of law and equity supplement the UCC "[u]nless displaced by the particular provisions of this title."  RCW 62A.1-103(b). The official comments accompanying this provision explain that it is designed to ensure "the continued applicability to commercial contracts of all supplemental bodies of law *except insofar as they are explicitly displaced* by this Act."  RCW 62A.1-103, UCC Comment 1 (emphasis added).  Thus, to the extent a provision of the UCC has "displaced" a common law rule, the UCC controls.  *Lige Dickson Co. v. Union Oil Co. of Cal.*, 96 Wash.2d 291, 299 (1981); *St. Regis Paper Co. v. Wicklund*, 93 Wash.2d 497, 502 (1980).

UCC Article 4A, which applies to "funds transfers," contains an even more specialized displacement provision.  This provision states: "Except as otherwise provided in [§] 4A-108, this Article applies to funds transfers defined in [§] 4A.104."  RCW 62A.4A-102.  Although § 4A-102 does not specifically mention displacement of the common law, the accompanying commentary explains that displacement of inconsistent common law theories and causes of action is precisely what its drafters intended:

> In the drafting of Article 4A, a deliberate decision was made to write on a clean slate and to treat a funds transfer as a unique method of payment to be governed by unique rules that address the particular issues raised by this method of payment.  A deliberate decision was also made to use precise and detailed rules to assign responsibility, define behavioral norms, allocate risks and establish limits on liability, rather than to rely on broadly stated, flexible principles.  In the drafting of these rules, a critical consideration was that the various

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8

parties to funds transfers need to be able to predict risk with certainty, to insure against risk, to adjust operational and security procedures, and to price funds transfer services appropriately. This consideration is particularly important given the very large amounts of money that are involved in funds transfers.

Funds transfers involve competing interests—those of the banks that provide funds transfer services and the commercial and financial organizations that use the services, as well as the public interest. These competing interests were represented in the drafting process and they were thoroughly considered. <u>The rules that emerged represent a careful and delicate balancing of those interests and are intended to be the **exclusive means** of determining the rights, duties and liabilities of the affected parties in any situation covered by particular provisions of the Article.</u> Consequently, resort to principles of law or equity outside of Article 4A is not appropriate to create rights, duties and liabilities inconsistent with those stated in this Article.

RCW 62A.4A-102, Comment (emphasis added). Thus, pursuant to §§ 1-103 and 4A-102, the remedies set forth in Article 4A displace common law causes of action relating to the same subject matter.

The question, then, is whether Plaintiff's breach of fiduciary duty claim relates to a "funds transfer" within the meaning of Article 4A. Section 4A-104(a) defines the term "funds transfer" as follows:

"Funds transfer" means the series of transactions, beginning with the originator's payment order, made for the purpose of making payment to the beneficiary of the order. The term includes any payment order issued by the originator's bank or an intermediary bank intended to carry out the originator's payment order. A funds transfer is completed by acceptance by the beneficiary's bank of a payment order for the benefit of the beneficiary of the originator's payment order.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 9

RCW 62A.4A-104(a). The "Unauthorized Transfers" referenced in the Amended Complaint fall squarely within this definition. Indeed, Plaintiff's primary theory of liability is that the subject transfers were "funds transfers" within the meaning of § 4A-104(a) that were not properly authorized under § 4A-202. ECF No. 4 at ¶ 19. Accordingly, Plaintiff's exclusive remedies are under UCC Article 4A. Plaintiff's breach of fiduciary duty claim must be dismissed with prejudice.

       2. <u>Allegations Supporting Existence of Fiduciary Duty</u>

In view of the foregoing, the Court need not address whether Plaintiff's allegations are sufficiently detailed to state a claim for breach of fiduciary duty.

**IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss (ECF No. 9) is **GRANTED**. Plaintiff's breach of contract claim is **DISMISSED** with leave to amend within **fourteen (14) days** of the date of this order. Plaintiff's breach of fiduciary duty claim is **DISMISSED** with prejudice.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** July 7, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 10